UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: HIGH SULFUR CONTENT GASOLINE PRODUCTS LIABILITY LITIGATION | CIVIL ACTION<br><br>MDL 1632<br>"All CASES"<br><br>SECTION: "B"(4) |

## ORDER AND REASONS

1) The Silverstri, Massicot and Derbes motion for disqualification and accompanying request for reallotment to another section of court for determination of the motion[1] are hereby **DENIED**.  28 U.S.C. §§144 and 455(a), (b)(1) requiring recusal of a judge where there is personal bias or prejudice are construed *in pari materia;* as a threshold matter, both statutes are construed to require timely application.  In doing so, it is hornbook law that the judge who is the object of the affidavit and certificate for recusal determines whether they are timely and legally sufficient.  Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d §3551*.  Affidavits thusly filed are strictly scrutinized for form, timeliness and legal sufficiency. *U.S. v. Womack*, 454 F. 2d 1337(5th Cir. 1972).  The affidavit is not timely because the alleged actions of the Court cited therein were known by movants prior to appeal and/or during the appeal itself. The filing of the instant recusal motion occurred beyond the

---

[1] Record Document Number 205.

applicable 10-day period.  Movants reliance upon the outcome of the appeal as basis for waiting to file for recusal is misplaced.  The allegations of bias essentially involve adverse rulings by the Court.  Those rulings constituted grounds for appeal, not for recusal.  *U.S. v. Landerman*, 109 F. 3d 1053 (5th Cir. 1997). However, our analysis does not end here.

    2)  In the interest of fairness and justice, the Clerk of Court is directed to reallot this matter as it pertains to the allocation of attorneys fees and costs only.  We respectfully disagree with the comment in the panel opinion that this Court dispensed with impartiality, procedural fairness or oversight. That language adversely implicates the countless hours spent at the trial court level by all who successfully settled this multidistrict litigation.  The class wide settlement, as recognized in the concurring opinion, represents excellent work by class counsel to obtain, value-wise, in excess of $99 million for the class.  For that work this judge stands appreciative still-not only to class counsel who negotiated that settlement, but also to all others, including movants, who played varying roles in it's achievement.

    Given the unnecessary dicta gleaned from the panel opinion and to prevent further delays that would be occasioned by attempted reviews of our remaining on the case for allocation purposes, another judge will be randomly selected to resolve the allocation

of attorneys fees and costs in accordance with the directive from the Circuit.  A pragmatic approach to the question of finality has been considered essential to the achievement of the "just, speedy, and inexpensive determination of every action".  (Quoting FRCP 1) To that end we remain dedicated by oath and duty.

New Orleans, Louisiana, this 26th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE